# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| CHRISTOPHER ADAMS, | ) |
|     *Plaintiff*, | ) Case No. 1:22-cv-125 |
| v. | ) Judge Travis R. McDonough |
| RANDALL LEWIS, | ) Magistrate Judge Susan K. Lee |
|     *Defendant*. | ) |

## MEMORANDUM & ORDER

Plaintiff, a Tennessee Department of Correction ("TDOC") inmate currently housed at the Trousdale Turner Correctional Center ("TTCC"), has filed a motion asking the Court to amend its June 10, 2022 Memorandum and Order to reinstate in this action the official-capacity Defendants named in Plaintiff's Amended Complaint, and to Order the United States Marshals Service ("USMS") to serve Defendants with process (Doc. 19). For the reasons articulated below, the motion will be granted in part and denied in part.

### I. RELEVANT BACKGROUND

Plaintiff's Amended Complaint alleges that he was transferred from the Bledsoe County Correctional Complex ("BCCX") to TTCC in retaliation for the exercise of his First Amendment Rights, and that as a result, he has suffered various negative consequences, including the loss of his job through Tennessee Rehabilitative Initiative in Correction ("TRICOR"). (*See generally* Doc. 10.) After screening the Amended Complaint in compliance with the Prison Litigation Reform Act, 28 U.S.C. § 1915A, the Court permitted Plaintiff to proceed in this action only against Defendant Randall Lewis in his individual capacity (Doc. 11, at 10). Plaintiff's claims

against Defendants Luke Burns and Alan Lewis in their individual capacities were dismissed, and Plaintiff's claims against Defendants Alan Lewis, Lisa Helton, and Shawn Phillips in their official capacities were dismissed. (*Id*. at 11.)

Aggrieved by the Court's decision, Plaintiff filed the instant motion requesting that his official-capacity claims for prospective injunctive relief against Defendants TRICOR Plant Manager Alan Lewis, TDOC Commissioner Lisa Helton, and BCCX Warden Shawn Phillips be permitted to proceed, as Defendant "Randall Lewis does not have the authority to carry out any TDOC related injunctive relief should such be ordered by the Court, and [Plaintiff] cannot be made whole" absent the inclusion of those Defendants. (Doc. 19, at 4.) Specifically, Plaintiff maintains that TDOC and BCCX have a long-standing custom of retaliating against inmates for the exercise of their First Amendment rights, and that this custom is evidenced by lack of meaningful investigations in relation to retaliatory transfers and failure to discipline offending subordinates. (Doc. 19, at 4; Doc. 10, at 8.) He maintains that Defendants Helton and Phillips have a statutory duty to act on behalf of their respective institutions, and he adds that he cannot be made complete without restoration to his TRICOR job, which also requires the inclusion of Defendant Alan Lewis in this suit. (Doc. 19, at 4, 6.)

## II.  GOVERNING LEGAL STANDARD

Plaintiff asks the Court to amend its prior Order screening the Amended Complaint pursuant to Rule 52(b), or, alternatively, Rule 46, of the Federal Rules of Civil Procedure. (Doc. 19, at 1.) However, the Court has not entered a judgment in this action, and, therefore, Rule 52(b) does not apply. *See* Fed. R. Civ. P. 52(b) (providing party may request Court make additional findings after entry of judgment). Further, Rule 46 addresses trial procedure and is not an appropriate vehicle to request relief. *See* Fed. R. Civ. P. 46 (abolishing need for formal exceptions to court rulings or orders); *Retamar-Lopez v. Bd. of Educ. of the Dublin City Sch.*

2

*Dist.*, No. 2:13-CV-0161, 2013 WL 12130342, at *1 (S.D. Ohio Sept. 23, 2013) (citing *McDonald v. Village of Palatine*, No. 08-C-5435, 2012 U.S. Dist. LEXIS 24838, at *3 (finding that the court was not required to consider a "Rule 46" motion, which was in substance a motion for reconsideration of a court's ruling)).

The Court may, however, reconsider interlocutory orders under Federal Rule of Civil Procedure 54(b). *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004); *Palmer v. Bagley*, 330 F. App'x 92, 105 (6th Cir. 2009) (observing, in a habeas case, that a district court can revise a non-final order under Rule 54(b) "at any time prior to final judgment"). Rule 54(b) states:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Accordingly, the Court will consider whether Plaintiff should be afforded relief under Rule 54(b).

### III. ANALYSIS

Plaintiff claims that Defendants are necessary parties under Rule 19(a) of the Federal Rules of Civil Procedure, which provides that a person "subject to service of process and whose joinder will not provide the court of subject-matter jurisdiction must be joined as a party if, in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A) (internal punctuation omitted). The Court finds well taken Plaintiff's argument that, should he be successful in ultimately proving that he was subjected to a retaliatory transfer, he will not be able to obtain prospective injunctive relief absent the inclusion of an official-capacity Defendant with the authority to provide the ordered relief.

3

Case 1:22-cv-00125-TRM-SKL   Document 20   Filed 07/20/22   Page 3 of 6   PageID #: 235

Under the doctrine set forth in *Ex Parte Young*, 209 U.S. 123, 157 (1908), a state official may not be sued for prospective injunctive relief unless that official has some connection with the enforcement of an allegedly unconstitutional action. *See, e.g., Allied Artists Picture Corp. v. Rhodes*, 679 F.2d 656, 665 n. 5 (6th Cir. 1982) (quoting 209 U.S. at 157). Therefore, the Court now considers each named Defendant's connection with the allegedly unconstitutional transfer and whether his or her inclusion in this suit would be necessary to provide any ordered relief.

As the Court noted in its previous Order, "Plaintiff has not alleged any facts from which the Court could infer that Defendant Alan Lewis took any affirmative action in this case to initiate or execute Plaintiff's allegedly retaliatory transfer." (Doc. 11, at 8.) Plaintiff's loss of his TRICOR job was merely a consequence of his transfer, not a retaliatory act performed by Alan Lewis. Nonetheless, Plaintiff insists that Alan Lewis is a required party in this action because neither Defendants Helton nor Phillips have authority to compel Plaintiff's reinstatement to the TRICOR program at BCCX. (Doc. 19, at 6.) However, Plaintiff has no constitutional right to employment or a property right to his wages. *See, e.g., Carter v. Tucker*, 69 F. A'ppx 678, 680 (6th Cir. 2003). Therefore, even if Plaintiff is successful in his retaliation suit, it would not demand his reinstatement to the TRICOR position. Therefore, Alan Lewis is not a necessary party to this action, and Plaintiff's motion as to this Defendant will be **DENIED**.

The Court finds, however, that it is reasonable at this early stage of proceedings to determine that Defendants Phillips and Helton are required Defendants for the purposes of prospective injunctive relief. Phillips, as BCCX Warden, ostensibly oversees prisoner placement and transfers within that institution. *See* Tenn. Code Ann. § 41-1-104(b) ("The custody, welfare, conduct and safekeeping of the inmates shall be the responsibility of the warden, who will examine into the affairs of the institution daily to assure that proper standards are maintained."). Defendant Phillips does not, however, have any authority to order the TTCC Warden to

reclassify Plaintiff, even if Plaintiff is successful in this suit. Therefore, the inclusion of Commissioner Lisa Helton also appears to be necessary to ensure that a reclassification occurs if one is ultimately ordered. *See, e.g.*, Tenn. Code Ann. § 4-3-603(a) (providing TDOC Commissioner with "the immediate charge of the management and government of the institutions of the department"). Accordingly, Plaintiff's motion will be **GRANTED** as to Defendants Helton and Phillips, and the Court's June 10, 2022 screening order is **REVISED** to add as Defendants Shawn Phillips in his official capacity and Lisa Helton in her official capacity.

However, Plaintiff is not proceeding as a pauper or a seaman, and thus, is not entitled to have USMS serve process on Defendants. *See* 28 U.S.C. § 1915 and 28 U.S.C. § 1916. This Court previously denied Plaintiff's motion for the Court to order USMS to serve process in this case (Doc. 14), and the Court finds no good cause exists to revisit that determination. Accordingly, Plaintiff's request that USMS be ordered to serve process in this action will be **DENIED**.

## IV.  CONCLUSION

As set forth above, Plaintiff's motion (Doc. 19) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Plaintiff's motion is **GRANTED** only to the extent that a claim of retaliatory transfer against Defendants Shawn Phillips and Lisa Helton in their respective official capacities will be permitted to proceed;

2. The Clerk is **DIRECTED** to add Shawn Phillips and Lisa Helton as official-capacity Defendants in this action and to send a Plaintiff service packet (a blank summons and USM 285 form) for each;

3. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty-one (21) days of entry of this Order;

4. At that time, the summonses will be signed and sealed by the Clerk and returned to Plaintiff for service;

5. Defendants shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If any Defendant fails to timely respond to the complaint, it may result in entry of judgment by default against that Defendant;

6. All other relief requested in Plaintiff's motion is **DENIED**; and

7. Plaintiff is **ORDERED** to immediately inform the Court and Defendants their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**