UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| CHRISTOPHER ADAMS, | ) | |
|---|---|---|
| | ) | Case No. 1:22-cv-125 |
| *Plaintiff*, | ) | |
| v. | ) | Judge Travis R. McDonough |
| | ) | |
| RANDALL LEWIS, | ) | Magistrate Judge Susan K. Lee |
| LISA HELTON, and | ) | |
| SHAWN PHILLIPS | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

## MEMORANDUM & ORDER

Plaintiff, a Tennessee Department of Correction ("TDOC") inmate currently housed at the Trousdale Turner Correctional Center ("TTCC"), has filed a second motion for reconsideration asking the Court to amend its June 10, 2022 Memorandum and Order to add as an official-capacity Defendant Tennessee Rehabilitative Initiative in Correction ("TRICOR") Plant Manager Alan Lewis (Doc. 24).

I.   **STANDARD OF REVIEW**

This Court may consider any of its interlocutory orders under Federal Rule of Civil Procedure 54(b). *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Id*. (citation and footnote omitted). However, "[s]uch motions are not a means by which to re-litigate issues previously considered by the Court or to present evidence that could have been raised earlier." *Equal Emp.*

*Opportunity Comm'n v. HP Pelzer Auto. Sys., Inc.*, No. 1:17-CV-31-TAV-CHS, 2018 WL 6574772, at *2 (E.D. Tenn. Dec. 13, 2018) (internal quotation marks and citation omitted).

## II. ANALYSIS

This case concerns Plaintiff's allegation that he was subjected to a retaliatory transfer from the Bledsoe County Correctional Complex ("BCCX") to the TCCC because he exercised his First Amendment right to submit grievances. (*See generally* Doc. 1.) In the instant motion, Plaintiff claims that he cannot be made whole unless the Court allows him to seek injunctive relief against Defendant Alan Lewis, who is the individual who can reinstate Plaintiff to the TRICOR job he lost upon his allegedly retaliatory transfer. (Doc. 24.) Plaintiff argues that Defendant Alan Lewis is a necessary party to this action, as Plaintiff "is entitled to be put back as close as feasibly possible to where he was prior to the violation of his constitutional rights through the Court's equitable powers." (*Id*. at 3.)

The Court has now twice addressed whether Plaintiff has asserted a viable official-capacity claim against Alan Lewis. (Doc. 11, at 7–8, 10; Doc. 20, at 4.) The Court first found that Alan Lewis neither initiated nor took any affirmative action to execute Plaintiff's allegedly retaliatory transfer. (Doc. 11, at 8.) In its Order on Plaintiff's motion for reconsideration of Alan Lewis's dismissal, the Court found that "Plaintiff's loss of his TRICOR job was merely a consequence of his transfer, not a retaliatory act performed by Alan Lewis" and, because Plaintiff has no constitutional right to employment or wages, success in Plaintiff's retaliation suit "would not demand [his] reinstatement to the TRICOR position. (*Id.* at 4.) Therefore, the Court found, Alan Lewis was not a party necessary to be joined in order to afford Plaintiff relief. (*Id*.)

Aggrieved by the Court's decision, Plaintiff again seeks reconsideration, arguing that "[t]he lack of an entitlement to a particular privilege does not free prison administrators to grant

or withhold the privilege for impermissible reasons." *Newsome v. Norris*, 888 F.2d 371 (6th Cir. 1989). He notes that in *Newsome*, the Sixth Circuit affirmed the district court's grant of a preliminary injunction ordering TDOC inmates to be reinstated to their jobs. (Doc. 24, at 4.) He also cites a prior case he brought in this Court, *Adams v. Baker*, a First Amendment retaliation case involving the TRICOR program, where the Court made a factual finding that "[a]fter disciplinary charges are dismissed, TRICOR employees are entitled to return to work." *Adams v. Baker*, No. 1:16-cv-335, 2019 WL 3845382, at *10 (E.D. Tenn. Aug. 15, 2019). Plaintiff alleges that these cases stand for the proposition that he is entitled to complete relief and that he is therefore "entitled to have a government official reinstate him to the program position and seniority that he lost as a consequence of the unlawful actions of another government official." (*Id.* at 4.)

However, in both *Newsome* and *Adams*, the loss of employment was itself the retaliatory act. *See Newsome*, 888 F.2d at 372–73; *Adams*, 2019 WL 3845382. In this case, the alleged retaliatory act was a prison transfer. Plaintiff's loss of his TRICOR job was incidental to the alleged retaliatory act. Plaintiff's success in his lawsuit would not necessarily displace the general rule that "a prisoner does not have a constitutional right to prison employment or a particular prison job." *Martin v. O'Brien*, 207 F. App'x 587, 590 (6th Cir. 2006) (citing *Newsom*, 888 F.2d 371 at 374).

Moreover, even if the Court misapprehends the complexities of Plaintiff's argument, TRICOR is a State agency under the control of State officials. *See Smiley v. Tennessee*, 2017 WL 3975001, No. 1:16-cv-469 (E.D. Tenn. Sep. 8, 2017). Both the TDOC Commissioner and the BCCX Warden are Defendants in this action. There is no reason to assume that these

individuals lack the authority to order any injunctive relief to which Plaintiff might ultimately be entitled.

## III. CONCLUSION

Plaintiff's motion is based on his disagreement and dissatisfaction with the Court's conclusions. However, that is an issue for appeal, not reconsideration. Plaintiff has not presented a basis for relief under Rule 54(b), and accordingly, the instant motion (Doc. 24) is **DENIED**.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**