**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA**

| | | | |
|---|---|---|---|
| CHRISTOPHER ADAMS, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 1:22-CV-125-SKL |
| | ) | | |
| RANDALL LEWIS, | ) | | |
| LISA HELTON, and | ) | | |
| SHAWN PHILLIPS, | ) | | |
| | ) | | |
| Defendants. | ) | | |
| | ) | | |

## <u>ORDER</u>

Defendants have filed an amended motion for a protective order [Doc. 49] in this pro se prisoner's civil rights lawsuit alleging a retaliatory prison transfer. Plaintiff has filed responses opposing the motion [Docs. 53, 56, 59], and Defendants have filed a reply thereto [Doc. 61]. Also pending before the Court are Defendants' motion for an extension of time within which to file their reply and respond to Plaintiff's Amended Complaint [Doc. 57] and Plaintiff's motion for an Order requiring Defendants to provide him with a copy of the "Response in Opposition to Plaintiff's Motion to Amend," which is docketed as Doc. 37 [Doc. 59]. For the reasons set forth below, Defendants' motion for a Protective Order [Doc. 49] will be **DENIED** without prejudice; Defendants' motion for an extension of time [Doc. 57] will be **GRANTED** *nunc pro tunc*; and Plaintiff's motion requiring Defendants to forward him a copy of their response opposing his motion to amend [Doc. 59] will be **GRANTED**.

## I.    BACKGROUND & PROCEDURAL HISTORY

Plaintiff filed this § 1983 action alleging that he was subjected to a retaliatory transfer from Bledsoe County Correctional Complex ("BCCX") to Trousdale Turner Correctional Facility in

October 2021 because he exercised his First Amendment right to file lawsuits and make grievances [Doc. 10]. This Court initially permitted Plaintiff's claim to proceed against Defendant Randall Lewis in his individual capacity [Doc. 11], and it later amended its ruling to allow Plaintiff to proceed against Tennessee Department of Correction Commissioner Lisa Helton and BCCX Warden Shawn Phillips in their official capacities solely for the purpose of carrying out any prospective injunctive relief that might ultimately be ordered [Doc. 20]. Defendants subsequently moved to dismiss this action under Rule 12(b)(6) of the Federal Rules of Civil Procedure [Doc. 35].

While Defendants' motion to dismiss was pending, Defendants filed an amended motion for a Protective Order regarding 338 discovery requests propounded by Plaintiff [Doc. 49]. The Court stayed this case pending resolution of Defendants' motion to dismiss [Doc. 48]. On January 26, 2023, the Court denied Defendants' motion to dismiss and lifted the stay of proceedings [Doc. 55]. Subsequently, Plaintiff supplemented his responses opposing the entry of a Protective Order [Docs. 56. 59], and Defendant filed a reply to Plaintiff's response [Doc. 61].

## II. ANALYSIS

Upon a showing of good cause, the Court may issue a Protective Order limiting or restricting discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c). A motion requesting a Protective Order must "include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1).

Defendants have attached a certification to their motion for a Protective Order stating that counsel attempted to arrange a telephone conversation with Plaintiff to resolve the discovery

dispute but could not "because Plaintiff is a pro se inmate and due to time restraints" [Doc. 49 p. 12]. Defendants' certification provides no information as to whom counsel contacted to arrange a telephone conversation or when this attempt occurred, and the Court is reluctant to wade into a discovery dispute between parties that have not met, either telephonically or through videoconference, and attempted to cooperate and resolve their disputes. Accordingly, the Court will deny Defendants' motion for a Protective Order [Doc. 49] without prejudice.

The Court would be remiss not to note that the number and depth of Plaintiff's discovery requests appear unreasonable. On the other hand, it appears that Defendants could provide at least some of the information sought by Plaintiff through affidavit testimony. Therefore, the parties will be ordered to confer and attempt to reach a mutually satisfactory resolution of Plaintiff's discovery requests prior to refiling a Rule 26(c) motion in this Court.

## III.     CONCLUSION

For the reasons set forth above:

1.      Defendants' motion for a Protective Order [Doc. 49] is **DENIED** without prejudice;

2.      Defendants' motion for an extension of time within which to respond to Plaintiff's amended complaint and file a reply to Plaintiff's response in opposition of Defendants' motion for a protective order [Doc. 57] is well taken and **GRANTED** *nunc pro tunc*;

3.      Plaintiff's motion for an order directing Defendants to forward him a copy of the document filed as Docket No. 37 [Doc. 59] is well taken and **GRANTED**; and

4.      The parties are **ORDERED** to confer and attempt to resolve their discovery disputes prior filing any renewed motion for Protective Order in this Court.


**SO ORDERED.**

**ENTER**:

s/ *Susan K. Lee*
_____
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

3