UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| CHRISTOPHER ADAMS, | ) |  |  |
|---|---|---|---|
| Plaintiff, | ) |  |  |
| v. | ) | No.: | 1:22-CV-125-SKL |
| RANDALL LEWIS, FRANK STRADA, and SHAWN PHILLIPS, | ) |  |  |
| Defendants. | ) |  |  |

## MEMORANDUM AND ORDER

This pro se prisoner's civil rights action under 42 U.S.C. § 1983 is proceeding against Defendant Randall Lewis in his individual capacity, and against Defendants Frank Strada[1] and Shawn Phillips in their official capacities, as to Plaintiff's claim that he was subjected to a retaliatory prison transfer for the exercise of his First Amendment rights [*See* Doc. 11 & Doc. 20]. Before the Court is Plaintiff's motion to further amend his amended complaint to assert a claim that Sergeant Luke Burns and Defendant Lewis conspired to retaliate against him [Doc. 67], and a motion for an extension of time within which to file a reply to Defendants' response in opposition to his motion [Doc. 69]. Upon consideration of the record, the parties' arguments, and the applicable law, the Court **GRANTS** Plaintiff's motion for time *nunc pro tunc* and **DENIES** his motion to amend.

**I.  RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

---

[1] Frank Strada was substituted as Commissioner of the Tennessee Department of Correction in place of former Commissioner, Lisa Helton [Doc. 66, citing Rule 25(d) of the Federal Rules of Civil Procedure].

Plaintiff maintains that he was transferred from the Bledsoe County Correctional Complex ("BCCX") to the Trousdale Turner Correctional Center ("TTCC") in retaliation for filing lawsuits and grievances [*See* Doc. 11 & Doc. 20]. In screening Plaintiff's initial complaint in accordance with the Prison Litigation Reform Act, *see* 28 U.S.C. § 1915A, the Court rejected as speculative Plaintiff's claim that Defendants conspired to transfer Plaintiff to TTCC [*See* Doc. 9 p. 8-9]. In June 2022, Plaintiff reiterated his conspiracy claims in his amended complaint [Doc. 10], and the Court again dismissed those allegations as insufficient to state a claim under § 1983 [Doc. 11 p. 5].

On or about October 11, 2022, Plaintiff filed a motion to amend his amended complaint, again asserting facts seeking to establish a conspiracy claim against Defendant Lewis and other, previously dismissed Defendants [*See* Doc. 34-2 p. 11-13]. The Court denied Plaintiff's motion to amend, noting that it would "not continue to entertain this speculative [conspiracy] claim or the factual allegations underlying it" [Doc. 40 p. 3].

Defendants subsequently filed a motion to dismiss, which was denied [Doc. 35 & Doc. 55]. Approximately one month after Defendants filed an answer to Plaintiff's amended complaint [Doc. 60], Plaintiff filed the instant motion for leave to amend his amended complaint seeking another opportunity to litigate a conspiracy claim against Defendant Lewis and Sergeant Luke Burns [Doc. 67]. Defendants oppose the motion on the grounds that (1) the proposed amendment is subject to a Rule 12(b)(6) dismissal and is, therefore, futile, and (2) Plaintiff unduly delayed in seeking leave to amend to offer evidence previously available to him [Doc. 68]. In reply, Plaintiff claims that he timely moved to amend his amended complaint with "direct evidence that Sergeant Luke Burns (Sgt. Burns) conspired to retaliate against Plaintiff by requesting for Defendant Randall Lewis to transfer him because of a previous lawsuit" [Doc. 70 p. 2]. This matter is now ripe for review.

## II. LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend its complaint without leave of court within 21 days after serving it, or within 21 days after a responsive pleading has been served. Fed. R. Civ. P. 15(a)(1)-(2). Otherwise, courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). In exercising its discretion whether justice requires amendment, courts are to consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Despite the liberal policy of permitting amendment suggested by Rule 15, denial of leave to amend is appropriate when it is apparent that the proposed amendment would not withstand a motion to dismiss. *Neighborhood Dev. Corp. v. Advisory Council on Hist. Pres.*, 632 F.2d 21, 23 (6th Cir. 1980).

## III. ANALYSIS

"A civil conspiracy under § 1983 is an agreement between two or more persons to injure another by unlawful action." *Crowley v. Anderson Cnty., Tenn.*, 783 F. App'x 556, 560 (6th Cir. 2019) (internal quotation marks and citation omitted). To state a § 1983 conspiracy claim, Plaintiff must demonstrate "'that (1) a single plan existed, (2) the conspirators shared a conspiratorial objective to deprive the plaintiffs of their constitutional rights, and (3) an overt act was committed' in furtherance of the conspiracy that caused the injury." *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014) (citing *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007)). Because "[r]arely in a conspiracy case will there be direct evidence of an express agreement among all the conspirators to conspire, . . . circumstantial evidence may provide adequate proof of conspiracy." *Weberg v.*

*Franks*, 229 F.3d 514, 528 (6th Cir. 2000) (alteration in original). However, the pleading requirements "are relatively strict" and require conspiracy claims to "be pled with some degree of specificity." *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008) (citing *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)).

In asking the Court to revive his previously dismissed conspiracy claim, Plaintiff argues that he has uncovered direct (and an abundance of circumstantial) evidence of conspiracy between Defendant Lewis and Sergeant Burns to punish and retaliate against Plaintiff [Doc. 67 p. 4]. In support of his motion, Plaintiff has attached fifty-six pages of documents that he maintains provide proof of this alleged conspiracy [*See* Doc. 67-2]. In large part, Plaintiff's proposed amendment relies on the declaration of Bruce Tuck, who maintains that Sergeant Burns bragged in Tuck's presence that "he wanted Chris Adams placed on the [transfer] list because he had become 'too comfortable with the staff, calling staff members by their first names and demanding that things be done on behalf of [T]he Lifer's Club, but the real reason was due to the lawsuit that Chris filed against TRICOR'" [Doc. 67-2 p. 9].

Plaintiff also directs the Court to the following facts in support of his claim that Defendant Lewis and Sergeant Burns conspired to retaliate against Plaintiff: (1) Defendant Lewis and Sergeant Burns had a close familial and working relationship; (2) Defendant Lewis and Sergeant Burns knew of Plaintiff's prior lawsuits and the impact those lawsuits had on their friends, family, and colleagues; (3) Defendant Lewis and/or Sergeant Burns have "expressed dissatisfaction over inmates complaining and/or discussed seeking retribution against inmates"; (4) Sergeant Burns stopped sponsoring The Lifer's Club after Plaintiff confronted Sergeant Burns regarding an inmate who was improperly placed on the organization's membership roster; and (5) the temporal

proximity between Plaintiff's complaints to Defendant Lewis and Plaintiff's subsequent transfer [Doc. 67-1 ¶¶ 48-58, 69, 72].

On three prior occasions, this Court found Plaintiff's allegations insufficient to state a plausible civil conspiracy claim [*See* Doc. 9 p. 8-9; Doc. 11 p. 5; Doc. 40 p. 3]. The Court now finds that Plaintiff's "new evidence"—namely, the declaration of Bruce Tuck—does not "nudge" his claim of conspiracy "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Specifically, the Court notes that Tuck's statement only maintains that Sergeant Burns shared his personal motives in front of Tuck. It does not offer any insight into whether Sergeant Burns and Lewis had "an agreement. . . to injure another by unlawful action." *Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012) (citation omitted). Instead, Tuck's declaration contends that Sergeant Burns confessed the "real reason" for Plaintiff's transfer shortly after it occurred [Doc. 67-2 p. 9]. It is mere speculation that Defendant Lewis shared that motivation, or that there was an agreement between the two. While Plaintiff points to the relationship between Defendant Lewis and Sergeant Burns and their knowledge of his protected activities as evidence that they conspired together to deprive him of his rights, such allegations, while hinting at the possibility of a conspiracy, do not contain "enough factual matter (taken as true) to suggest that an agreement was made." *Twombly*, 550 U.S. at 556. Instead, this kind of "speculation and conjecture are insufficient to establish the existence of an agreement" for a conspiracy claim. *Regets v. City of Plymouth*, 568 F. App'x 380, 391 (6th Cir. 2014) (citing *Moore v. City of Paducah*, 890 F.2d 831, 834 (6th Cir. 1989)).

Because Plaintiff's conspiracy claim would not withstand a motion to dismiss, it is futile to allow Plaintiff further amendment to include it, and Plaintiff's motion will be denied. *See Griffith v. Whitesell*, No. 3:08-0385, 2008 WL 3852415, *5 (M.D. Tenn. Aug. 14, 2008) ("The

5

Court is not required to allow amendments that assert obviously frivolous claims or claims that could not withstand a motion to dismiss." (citing *Neighborhood Dev. Corp.*, 632 F.2d at 23)).

IV.     **CONCLUSION**

For the reasons set forth above, Plaintiff's motion for an extension of time [Doc. 69] is **GRANTED** *nunc pro tunc* to the date of filing, and his motion to further amend his amended complaint [Doc. 67] is **DENIED**.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE