UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| CHRISTOPHER ADAMS, | ) | | |
|---|---|---|---|
| Plaintiff, | ) | | |
| v. | ) | No.: | 1:22-CV-125-SKL |
| RANDALL LEWIS, LUKE BURNS, FRANK STRADA, and SHAWN PHILLIPS, | ) | | |
| Defendants. | ) | | |

# ORDER

Before the Court is "Plaintiff's Motion to Reconsider October 27, 2023 Memorandum and Order, In Part, and to Compel Discovery" [Doc. 107]. As suggested by the title, Plaintiff Christopher Adams' motion asks the Court to (1) reconsider its Order denying his motion to compel discovery and (2) to compel Defendants to respond to Plaintiff's discovery requests and responses. Defendants filed a response in opposition [Doc. 110] and Plaintiff replied [Doc. 113]. The motion is now ripe. For the reasons set forth below, Plaintiff's motion will be denied.

While the Federal Rules of Civil Procedure do not expressly permit reconsideration of interlocutory orders, district courts may "reconsider interlocutory orders and to reopen any part of a case before entry of final judgment" under Federal Rule of Civil Procedure 54(b). *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). Rule 54(b) states:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez,* 89 F. App'x at 959 (citation omitted). However, "such motions are not a means by which to re-litigate issues previously considered by the Court or to present evidence that could have been raised earlier." *Equal Emp. Opportunity Comm'n v. HP Pelzer Auto. Sys., Inc.*, No. 1:17-CV-31-TAV-CHS, 2018 WL 6574772, at *2 (E.D. Tenn. Dec. 13, 2018) (internal quotation marks and citation omitted).

Plaintiff asks the Court to reconsider "some facts it previously overlooked" in denying his motion to compel [Doc. 107 p. 1]. First, Plaintiff maintains that he "did include the required certification" under Rule 37(a) of the Federal Rules of Civil Procedure that he conferred or attempted to confer with Defendants prior to making his motion to compel, even though the Court found that he did not [Doc. 107 p. 1]. However, Plaintiff included in his original motion only a certification that he "made a good faith effort to confer and attempt to resolve the disputed requests discussed herein where feasible under the current time constraints to complete discovery without Court action" [Doc. 90 p. 24]. Plaintiff's assertion that he acted "where feasible" "under the current time constraints" is not a definitive statement that he actually conferred or attempted to confer with Defendants. And where there is no demonstration of an adequate attempt to confer, there is necessarily no demonstration of good faith. *See, e.g., Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 170–171 (D. Nev. 1996) (holding the certification requirement under Rule 37(a) requires the moving party to "accurately and specifically convey to the court who, where, how and when the respective parties attempted to personally resolve the discovery dispute"); *see also Compass Bank v. Shamgochian*, 287 F.R.D. 397, 398 (S.D. Tex. 2012) (looking

2

to *Shuffle Master, Inc.* as "[a] hallmark case on the matter" of what a "good faith" certification entails).

The remainder of Plaintiff's motion for reconsideration is largely a rehashing of the arguments presented in his original motion. In denying that original motion, the Court found Plaintiff sought "a burdensome and exhaustive amount of information, much of which is confidential[,]" information of "very limited relevance[,]" and discovery that was "overbroad and disproportionate to [Plaintiff's retaliatory transfer claim]. The Plaintiff has presented no arguments that refute these findings. Moreover, "[a] motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted." *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001).

Additionally, to the extent Plaintiff's motion for reconsideration, signed November 10, 2023,[1] [Doc. 107 p. 10], constitutes a new motion to compel, it is untimely, as the discovery cut-off in this case was November 1, 2023 [*see* Doc. 102]. Finally, both Plaintiff and Defendants have filed motions for summary judgment based on the evidence developed during the litigation of this case, and Plaintiff's efforts to reopen discovery after dispositive motions have been filed by both parties constitutes prejudice. Accordingly, Plaintiff's motion [Doc. 107] is **DENIED**.

**SO ORDERED.**

**ENTER**:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff inadvertently mailed his motion to the Middle District of Tennessee, and it was returned to him by letter dated November 17, 2023 [Doc. 107 p. 39–40]. The motion was docketed in this Court on December 4, 2023.